IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| ALLEN MURRAY,<br>Institutional ID No. 2089384<br>SID No. 05998563<br><br>　　　　Plaintiff,<br><br>v.<br><br>WARDEN MILLER, *et al.*,<br><br>　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§　CIVIL ACTION NO. 5:23-CV-188-BQ<br>§<br>§<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a motion filed by pro se Plaintiff Allen Murray seeking a preliminary injunction and temporary restraining order (TRO). ECF No. 18. Murray contends that Texas Department of Criminal Justice (TDCJ) officials have failed to protect him and engaged in unconstitutional acts. Mot. 3–7, ECF No. 18.[1] Murray also challenges his criminal conviction. *Id.* at 1–2. He seeks (1) reassignment to a TDCJ unit outside "region 5" with Native American instructor services, and (2) an order directing officials to cease retaliating. *Id.* at 1, 10. In the alternative, Murray asks the Court to release him from prison. *Id.*

After considering Murray's pleadings and applicable law, the undersigned recommends that the United States District Judge **DENY** the motion without prejudice to Murray's right to request injunctive relief in the future should circumstances change.[2]

---

[1] Page citations to Murray's motion refer to the electronic page number assigned by the Court's electronic filing system.

[2] Murray has not consented to proceed before a magistrate judge. In accordance with the order of transfer and 28 U.S.C. § 636(b), the undersigned enters these findings, conclusions, and recommendation (FCR).

### I. Legal Standard

"An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). Courts should not grant injunctive relief "routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)); *see Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) (explaining that "[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule").

To secure a preliminary injunction or TRO, a movant must demonstrate:

1. A substantial likelihood of success on the merits of his case;

2. A substantial threat of irreparable injury if the injunction is not granted;

3. The threatened injury to the movant outweighs any damage the injunction will cause the non-movant; and

4. The injunction will not have an adverse effect on the public interest.

*Women's Med. Ctr. of Nw. Hous. v. Bell*, 248 F.3d 411, 418–20 (5th Cir. 2001); *see Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985) (providing that "if the movant does not succeed in carrying its burden on any one of the four prerequisites, a preliminary injunction may not issue"); *Bar J-B Co. v. Tex. Dep't of Transp.*, No. 3:18-cv-0576-M, 2018 WL 2971138, at *1 (N.D. Tex. Mar. 13, 2018) (explaining that a movant must establish the elements of a preliminary injunction to obtain a TRO because "[a] TRO is a highly accelerated and temporary form of preliminary injunctive relief" (internal quotation marks and citation omitted)).

When a plaintiff seeks injunctive relief that would require a court to interfere with the administration of a state jail, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." *Rizzo v. Goode*, 423 U.S. 362, 379

(1976). In assessing whether an injunction serves the public interest, jail administrators must be afforded deference in the way they operate the prison. *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). The Prison Litigation Reform Act (PLRA) further restricts a federal court's authority to issue injunctions in regard to prison conditions—courts must "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief," and any "[p]reliminary injunctive relief [granted] must be narrowly drawn, extend no further than necessary to correct the harm," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

## II. Analysis

As an initial matter, the Court observes that Murray has not provided notice of his request for injunctive relief to the opposing parties. Under Rule 65, a preliminary injunction can issue only after notice to the adverse party. *See* FED. R. CIV. P. 65(a)(1). Murray has not shown that he has given notice to the persons subject to his request for injunctive relief. For this reason alone, his motion should be denied.[3] *See King v. TDCJ*, No. 3:15-CV-1365-N-BH, 2016 WL 8671926, at *1 (N.D. Tex. Jan. 8, 2016) (recommending denial of plaintiff's request for preliminary injunction because he had not satisfied the notice requirement of Rule 65(a)).

Turning to the substance of his request, Murray alleges in his operative Complaint (as supplemented by his filing dated Nov. 28, 2023) that on August 9, 2021, Defendants Lt. Whitley, Sgt. Armendariz, and Officer Atkins used excessive force, retaliated, and took his personal

---

[3] Under FED. R. CIV. P. 65(b)(1), the Court may issue a TRO without notice to the adverse party, but only where: (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"; and (2) the movant "certifies in writing any effort made to give notice and the reasons why it should not be required." Murray has not satisfied either element. Thus, his TRO request should also be denied. *See Liccardi v. Smith*, No. 3:21-CV-0314-E (BH), 2021 WL 1649056, at *1 (N.D. Tex. Apr. 9, 2021) (recommending denial of plaintiff's motion for TRO based in part on her failure to satisfy Rule 65(b)'s requirements), *R. & R. adopted by* 2021 WL 1626503 (N.D. Tex. Apr. 27, 2021).

3

property. ECF No. 1, at 3–4; ECF No. 17, at 1.[4]  He contends that after the use of force incident, Defendants placed him in a cell where he was denied water, food, access to a restroom, and medical care. ECF No. 17, at 2–3; *see* ECF No. 1, at 4.  Murray also alleges that his incarceration is unconstitutional and violates his due process rights. ECF No. 1, at 4.[5]  In his motion, however, Murray not only references the incidents described in his Complaint but also complains about events that allegedly occurred *after* filing his Complaint. *See, e.g.*, Mot. 5 (asserting that on Oct. 12, 2023, he suffered retaliation), 6 (stating that from Nov. 1 through Nov. 16, he was subjected to unconstitutional conditions of confinement).

First, Murray has failed to satisfy his burden of producing adequate evidence, through affidavit, verified complaint, or other means, establishing a substantial likelihood of success on the merits. Murray's new allegations, i.e., events that occurred *after* the filing of his Complaint, are distinct from his pending claims in this action and would be more properly considered in a separate § 1983 action. Through this motion, Murray in essence attempts to raise factually and legally distinct claims against new defendants based on recent, discrete incidents. *See id.*  As a result, Murray's new claims are not properly before the Court in the present action.[6]  *See generally*

---

[4] Of even date herewith, the Court granted Murray leave to file a supplement to his original Complaint. His supplement adds additional facts about events alleged in his original Complaint, and he also names additional defendants related to those events. *See* ECF No. 17. Because Murray was not attempting add new claims about events that occurred after the filing of his Complaint, the Court permitted Murray to supplement his pleading.

[5] Murray also sues Bobby Lumpkin and Wardens Miller and Parker alleging, *inter alia*, that they failed to protect him. ECF No. 1, at 3.

[6] To the extent Murray attempts to amend or supplement his Complaint through this motion, his request should be **DENIED**. Given the current procedural posture of this case, Murray may amend or supplement his pleading only with leave of court. *See* FED. R. CIV. P. 15(a). His claims based on events that occurred *after* the filing of this action are not properly joined. *See* FED. R. CIV. P. 18(a), 20(a)(2); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50–claim, 24–defendant suit produced but also to ensure that prisoners pay the required filing fees . . . ."); *Shafer v. Davis*, No. 2:20-CV-167, 2020 WL 6489094, at *5 (S.D. Tex. Nov. 4, 2020) ("By alleging unrelated occurrences or transactions against different prison officials, [p]laintiff's complaint does not comport with Rule 18 and Rule 20 of the Federal Rules of Civil Procedure."); *Bonner v. Bosworth*, No. 3:10-CV-2150-O-BH, 2010 WL 11534476, at *1 (N.D. Tex. Nov. 30, 2010) ("Requiring parties to assert unrelated claims against different defendants in separate complaints avoids unduly cumbersome litigation, and in the context of prisoner litigation, ensures that prisoners pay the required filing fees under the Prison Litigation Reform Act."). In sum, the Court will not permit Murray to supplement this civil action with additional claims and new defendants on a rolling basis.

FED. R. CIV. P. 20(a)(2)(A) & (B) (providing that defendants "may be joined in one action . . . if . . . any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and* . . . any question of law or fact common to all defendants will arise in the action" (emphasis added)).

In addition, Murray cannot demonstrate a likelihood of success on the merits. As for his retaliation claim, Murray alleges that Defendants retaliated after he told them they could "not read or scatter [his] legal work" during a cell search. ECF No. 17, at 1. Murray's general assertions regarding the alleged retaliation are insufficient to demonstrate that Defendants were retaliating based on Murray's exercise of a constitutional right. *See, e.g.*, *Freeman v. Tex. Dep't of Crim. Just.*, 369 F.3d 854, 863 (5th Cir. 2004) (citing *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995)). Murray's claims of excessive force and unconstitutional conditions are likewise lacking factual support. *See Hudson v. McMillian*, 503 U.S. 1, 6 (1992); *Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir. 1999). And finally, any claim for failure to protect is, at this juncture, wholly conclusory. *See* ECF No. 1, at 3–4 (alleging Defendants failed to protect him without any supporting facts). Without more, the Court cannot take such drastic action as interfering with Defendants' daily operation of the facility absent sufficient evidence to support his claim that the alleged conduct violates his constitutional rights. *See generally Wilkerson v. Stalder*, 329 F.3d 431, 436 (5th Cir. 2003) ("Prison officials should be accorded the widest possible deference in the application of policies and practices designed to maintain security and preserve internal order." (citation omitted)).

In addition, Murray has not shown that the threatened harm to him outweighs the harm the injunctive order might cause TDCJ and Defendants, and the relief Murray seeks does not serve the public interest. Murray asks the Court to, among other things, direct officials to house him in a

different TDCJ unit or to release him. Mot. 1, 10. Such requests impermissibly involve the Court in prison administration and institutional security. Where Murray has pleaded no facts showing he will continue to suffer harm, he fails to adequately demonstrate that any purported harm overcomes the deference owed to prison administrators. *See Bell*, 441 U.S. at 547–48, 562 (explaining that courts should accord prison administrators "wide-ranging deference" in operating correctional institutions, as they are the experts in maintaining institutional security, and cautioning courts against becoming "enmeshed in the minutiae of prison operations"); *see generally Wilkerson*, 329 F.3d at 436; *Young v. Wainwright*, 449 F.2d 338, 339 (5th Cir. 1971) (per curiam) ("Classification of inmates is a matter of prison administration and management with which federal courts are reluctant to interfere except in extreme circumstances.").

Finally, Murray seeks to remedy past conduct—e.g., an excessive use of force, retaliation, prior living conditions, etc.—with no corresponding allegation that Defendants will continue to violate his rights. Because Murray has not made "a reasonable showing that be will again be subjected to the alleged illegality," his request for injunctive relief is barred. *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983). But "withholding injunctive relief does not mean that the federal law will exercise no deterrent effect in these circumstances. If [Murray] has suffered an injury barred by the Federal Constitution, he has a remedy for damages under § 1983." *Id.* at 112–13 (internal quotation marks and citation omitted).

### III. <u>Recommendation</u>

For these reasons, the undersigned recommends that the United States District Judge deny Murray's request for injunctive relief. ECF No. 18.

Once this FCR has been docketed, the Clerk is **DIRECTED** to refer it to the Honorable James Wesley Hendrix, United States District Judge, for final disposition of Murray's motion.

## IV.     Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: January 11, 2024.

_____
**D. GORDON BRYANT, JR.**
**UNITED STATES MAGISTRATE JUDGE**