UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

ALLEN MURRAY,
Institutional ID No. 2089384

        Plaintiff,

v.

WARDEN MILLER, *et al.*,

        Defendants.

No. 5:23-CV-00188-H

### ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions, and a recommendation that the Court dismiss most of Plaintiff's civil-rights claims but should permit three of his claims to proceed to service of process. Dkt. No. 38. Plaintiff objected. Dkt. No. 41. As explained below, the Court overrules Plaintiff's objections and adopts the findings, conclusions, and recommendation of the Magistrate Judge.

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1). In contrast, the district judge reviews any unobjected-to findings, conclusions, and recommendations for plain error. The Court has examined the record and reviewed the unobjected-to portions of the FCR for plain error and, finding none, expressly accepts and adopts those portions of the Magistrate Judge's findings, conclusions, and recommendation.

Additionally, in light of Plaintiff's objections, the Court has conducted a de novo review of the relevant portions of the FCR and the record in this case. Plaintiff's handwritten objections are lengthy, disorganized, and difficult to read. And he focuses much of his energy attempting to draw analogies to irrelevant political and pop cultural events. Many of Plaintiff's

objections consist of restatements of arguments made in his complaint (as supplemented by his testimony at a *Spears* hearing), arguments thoroughly addressed by the FCR, mere disagreements with the Magistrate Judge's wording, or conclusory statements insisting that his claims have merit. The Court finds that most of Plaintiff's objections warrant no further discussion.

But Plaintiff made two specific objections that bear mentioning. First, he objects to the Magistrate Judge's recommendation that the Court dismiss his excessive-force claims against Defendants Whitley, Atkins, and E.J. because he failed to allege any injury that could be attributed to their actions.[1] The Magistrate Judge explained that, when asked to describe his injuries at the *Spears* hearing, Plaintiff complained about burning from pepper spray and back pain—both attributed solely to Defendant Armendariz's actions. Dkt. No. 38 at 9. Moreover, Plaintiff "expressly confirmed that he suffered no injury lasting more than a day or two other than the back pain." *Id.* at 9–10. Because Plaintiff alleged no physical injury attributable to the other defendants' actions, the Magistrate Judge found that Plaintiff failed to state a viable excessive-force claim against Defendants Whitley, Atkins, and E.J. Now, Plaintiff asserts for the first time that, after the force incident, he "suffered symptoms of a concussion and head trauma [and] . . . suffered some symptoms of Chronic Traumatic Encephalopathy (CTE)." Plaintiff included a declaration under penalty of perjury with his new allegations, but conclusory, self-serving affidavits are insufficient to create a fact issue when they contradict prior testimony. *Vincent v. Coll. of the Mainland*, 703 F. App'x 233, 238 (5th Cir. 2017) (citing *Albertson v. T.J. Stevenson & Co.*, 749 F.2d 223, 228 (5th Cir. 1984); *Acker v. Gen. Motors, L.L.C.*,

---

[1] The Magistrate Judge also found that Plaintiff's allegations failed to plausibly allege that either Defendant Atkins or E.J. participated in the use of force. Plaintiff objected to this finding as well, but he merely repeats his allegations against these defendants and fails to counter the Magistrate Judge's reasoning.

853 F.3d 784, 789 (5th Cir. 2017)). In other words, Plaintiff cannot save his claims by making new, unsupported, self-serving factual allegations that contradict his earlier *Spears* hearing testimony. Thus, his objection is overruled.

Second, Plaintiff objects to the Magistrate Judge's conclusion that he failed to state a First Amendment claim against Defendant Whitley for confiscating his religious necklace. Specifically, the Magistrate Judge found that, despite specific questioning, Plaintiff failed to explain the necklace's significance to his religious practice or allege that the confiscation burdened his ability to practice his American Indian religion in any way. Dkt. No. 38 at 19. In his objection, Plaintiff explains that the deprivation of his necklace "caused an impediment on [his] walk on RED PATH in RED DIRT TEXAS[, and he] lost protection, blessings w[h]ich was-is unquantifiable." Dkt. No. 41 at 7. But although he emphasizes the necklace's importance, he does not explain how the necklace is used in the practice of his faith, or how its confiscation burdened that practice. Instead, he contends that "no party should have the burden to explain his beliefs-religion how the deprivation-theft of religious necklace burdens his ability to exercise his religion [all sic]." *Id.* As explained by the Magistrate Judge, because Plaintiff has not alleged any facts to suggest that the confiscation of his necklace burdened his religious practice, he has failed to state a viable First Amendment claim. His objection is overruled.

For these reasons, the Court overrules Plaintiff's objections and accepts and adopts the findings, conclusions, and recommendation of the Magistrate Judge. As a result, the Court dismisses with prejudice Plaintiff's claims for: (1) excessive force against Lt. Whitley, Officers Atkins, and E.J.; (2) a due process violation based on the confiscation of property; (3) denial of right to practice religion; (4) denial of access to the courts; (5) deliberate indifference to serious medical needs; (6) unlawful conditions of confinement based on the denial of food and water; (7) conspiracy; (8) disability discrimination under the ADA and RA; (9) failure to protect; and

(10) supervisory liability. Additionally, the Court dismisses Plaintiff's claim for unlawful incarceration with prejudice until the conditions of *Heck*[2] are met. The Court also finds that there is no just reason for delay in entering a final judgment and final judgment should be entered as to the above-named defendants and claims under Federal Rule of Civil Procedure 54(b). The Court will enter judgment accordingly.

Finally, the Court finds that Plaintiff's claims against (1) Defendant Armendariz for excessive force in deploying pepper spray and kneeing him in the back; (2) Defendants Armendariz, Ayms, Dyer, Hosstrop, Rodriguez, and Caddillo for excessive force in refusing to allow him to decontaminate from the pepper spray; and (3) Defendants Armendariz and Whitley for retaliation should proceed with service of process. The Court will enter a separate order requiring these defendants to answer or otherwise respond to Plaintiff's remaining claims.

Because Warden Miller has been dismissed from this case, the Clerk is directed to change the caption of this case to *Allen Murray v. Sgt. Armendariz, et al.*, to reflect the remining claims.

So ordered.

Dated October 24, 2025.

JAMES WESLEY HENDRIX
United States District Judge

---

[2] *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).